CHAPMAN, State Banking Com'r, v. FIRST NAT. BANK OF MINEOLA. (No. 3261.)

(Court of Civil Appeals of Texas. Texarkana. May 20, 1926.)

1. Banks and banking ⊜⟲48(2).

National bank holding stock of state bank as collateral security for indebtedness was not subject to stockholder's individual liability under Vernon's Sayles' Ann. Civ. St. 1914, arts. 459, 552.

2. Banks and banking ⊜⟲260(2), 261(3).

National bank cannot acquire stock in another corporation for speculation or investment, and its want of authority therefor is valid defense to action against it on statutory liability as stockholder.

3. Banks and banking ⊜⟲260(2).

National bank can hold stock of another corporation as security for indebtedness.

4. Trial ⊜⟲139(1).

Testimony which does no more than raise surmise or suspicion of existence of facts relied on for relief does not make issue for jury.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Suit by J. L. Chapman, Banking Commissioner, against the First National Bank of Mineola. Judgment for defendant, and plaintiff appeals. Affirmed.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.
Jones & Jones, of Mineola, for appellee.

WILLSON, C. J. This was a suit by appellant in his official capacity as banking commissioner of Texas against appellee to recover $10,000, the amount, it was alleged, of appellee's liability (under article 552, Vernon's Sayles' Ann. Civ. St. 1914) as the owner of 100 shares of the par value of $100 each of the capital stock of an insolvent state bank, to wit, the Farmers' State Bank of Mineola, Tex., in appellant's hands for liquidating purposes. In its answer to the suit appellee denied generally the allegations in appellant's petition, and specially denied that it ever was the owner of any of the capital stock of said insolvent bank. The trial court thought it conclusively appeared from the testimony that appellant was not entitled to recover anything of appellee, and he therefore instructed the jury to return a verdict in the latter's favor. The appeal is from a judgment returned accordingly.

Appellant insists there was testimony which would have supported a finding that appellee was the owner of shares of stock in the insolvent bank as charged in his petition, and that the trial court therefore erred when he instructed the jury as stated. Appellee, on the other hand, insists there was no such testimony, but says, if there was, it would not necessarily follow that the instruction was erroneous, for, it says, even if it was the owner of stock of the insolvent bank as charged, the instruction was warranted, because there was no testimony showing appellant had determined it was necessary to resort to the individual liability of stockholders in order to pay the debts of the insolvent bank, nor any testimony showing that appellant, if he determined such a necessity existed, had made an assessment, and the amount thereof, against such stockholders.

In support of its contention, appellee cites

---

⊜⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the Texas statute (article 459, Vernon's Sayles' Ann. Civ. St. 1914) and Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476. In the case cited the Supreme Court, construing the federal statutes, seems to have held it was necessary in a suit by a receiver appointed by the comptroller of the currency to allege and prove that the comptroller had determined it was necessary to enforce the individual liability of stockholders, and to what extent—whether in full or only in part—and, if only in part, what part. The federal statute differs from the Texas statute in that under it the comptroller of the currency acts by a receiver in enforcing a stockholder's individual liability, while under the Texas statute the banking commissioner himself acts in enforcing such liability. Because of the difference, it seems this court in construing the Texas statute reached a conclusion contrary to that reached by the Supreme Court of the United States in construing the federal statute. Austin v. Campbell (Tex. Civ. App.) 210 S. W. 277.

[1-3] However, we agree with appellee that the testimony did not warrant a finding that it ever in any way authorized by law owned stock of the insolvent bank, and, therefore, that it was not error for the trial court to instruct the jury as he did. It appeared from the testimony that in 1917 one Torrence was president of said Farmers' State Bank, and that one Gaston was the president, and one Harris the cashier of the appellee bank. It seems that Torrence owned 44 shares of the stock of said state bank, and, on December 10, 1917, entered into a contract with Gaston and Harris whereby he agreed to sell said shares of stock to them and to purchase for them of other persons the additional amount of stock necessary to give them the control of said state bank. There was testimony that Torrence bought stock of the state bank as agreed upon, and that afterward the appellee bank held a part, if not all, of the stock so purchased. Appellee insisted it held the stock as collateral security for indebtedness due it, and never as the owner thereof, and hence was not liable to appellant as claimed by him. If appellee so held the stock, its contention that it was not liable to appellant should have been sustained. Austin v. Marsico (Tex. Com. App.) 281 S. W. 198. Appellee insisted further that it not only did not own the stock, but could not own it. It is settled

that a national bank cannot acquire stock in another corporation for the purpose of speculation or investment, and that its want of authority to do so is a valid defense to an action against it to enforce statutory liability as a stockholder. Bank v. Kennedy, 167 U. S. 362, 17 S. Ct. 831, 42 L. Ed. 198; Bank v. Hawkins, 174 U. S. 364, 19 S. Ct. 739, 43 L. Ed. 1007; Bank v. Converse, 200 U. S. 425, 26 S. Ct. 306, 50 L. Ed. 537; note to Bank v. Stahlman, L. R. A. 1916A, 584. But such a bank can hold such stock as security for indebtedness to it, and, if it becomes necessary to foreclose its lien and sell the stock, can, it seems, become the owner by purchase thereof at the sale, and in that way become liable as a stockholder in a suit like this one is. Authorities cited above.

[4] In this case the testimony of all the witnesses in a position to know anything about the matter was that the appellee bank held stock of the insolvent bank only as collateral security for indebtedness to it, and that it never was an owner of any of the stock of said insolvent bank. The testimony of said witnesses was controverted, if at all, only by inferences appellant claimed a jury might have drawn from other testimony in the case. We have read all the testimony in the statement of facts sent to this court, and do not think a reasonable inference from it was that appellee owned stock in the insolvent bank, nor, if it owned such stock, that a reasonable inference was that it acquired it in a way which rendered it liable by force of the statute. We think the most that can be said with reference to appellant's contention is that the testimony warranted a finding that appellee held the stock as collateral security for indebtedness to it and a suspicion that it acquired ownership thereof by purchase at a sale made to satisfy such indebtedness. It is held that testimony which does no more than raise only a surmise or suspicion of the existence of facts relied upon for relief sought does not make an issue for a jury. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059; Lumber Co. v. Stockdale, 54 Tex. Civ. App. 611, 118 S. W. 805; Houston v. Holmes (Tex. Civ. App.) 262 S. W. 849; Blackwell v. Ship Channel Development Co. (Tex. Civ. App.) 264 S. W. 223; Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311.

The judgment is affirmed.